**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**PRISM MARKETING COMPANY, INC.**                                    **PLAINTIFF**

**V.**                                       **CAUSE NO.: 2:08CV163-SA-SAA**

**CASINO FACTORY SHOPPES, LLC, ET AL.**                          **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

Comes now before this Court, Defendant, Stoltz Management Company's ("Stoltz") Motion to Dismiss [10]. After reviewing the motions, responses, rules, and authorities, the Court makes the following findings:

*Factual and Procedural Background*

The Plaintiff filed this action against Casino Factory Shoppes, LLC ("CFS") and Stoltz alleging that those entities fraudulently concealed and conspired against Prism to deprive the plaintiff of money owed for facilitating a business deal between CFS and Stoltz. The Plaintiff also contends that Stoltz tortiously interfered with its business relationship with CFS for the purpose of causing economic loss to Prism without a legitimate cause.

Specifically, the facts of this case center around Prism's relationship with CFS. Prism represented CFS since 2000 and brought tenants to CFS's factory retail outlet center located in Robinsonville, Mississippi. When CFS intimated to Prism that it was interested in selling the retail outlet center. CFS allegedly promised that if Prism could bring a qualified buyer that closed on the property, CFS would pay Prism a commission.

In May of 2006, Prism contacted Stoltz about purchasing the factory outlet center in Robinsonville. Marc Curcio, Stoltz's Senior Vice President of Retail Management and Leasing, expressed an interest on behalf of Stoltz in the property; therefore, Prism arranged the necessary

contact between Stoltz and CFS on CFS's assurance that a commission would be paid to Prism if this qualified buyer purchased the facility. CFS requested that Prism communicate with Stoltz regarding the signing of a confidentiality agreement so that discussions and due diligence regarding the sale of the property could begin. Prism contends that soon after revealing Stoltz as the qualified buyer, CFS sent a letter disavowing Prism's representation of CFS for the sale of the property and described a six-month "Protection Period." Prism asserts that despite the letter, they continued to facilitate the sale and further procure tenants for CFS. Prism transmitted the confidentiality agreement from Stoltz to CFS in August of 2006. Later that month, CFS transmitted through Prism its due diligence materials, including confidential rent rolls and tenant sales reports.

By October of 2006, Stoltz allegedly represented to Prism that its negotiations with CFS were ending. Prism then attempted to retrieve CFS's confidential due diligence materials that it had previously provided to Stoltz specifically CFS's rent rolls, tenant sales information, and a certification from Stoltz that all copies of documents made by Stoltz were destroyed. However, CFS informed Prism to stop bothering Stoltz about returning the information.

On May 30, 2007, CFS notified Prism that it had contracted to sell the factory retail outlet stores, therefore, Prism's services in marketing would no longer be needed. Prism later learned that Stoltz was the buyer of the factory retail outlet stores. Prism contends it requested its commission from CFS but was denied. Prism also asserts that CFS owes to it almost $40,000 in fees and commissions for new and renewed tenant leases Plaintiff brought to CFS until its sale to Stoltz. Prism contends that Stoltz and CFS concealed from Prism their continued negotiations and the eventual sales transaction of the factory shops in an attempt to avoid paying Prism the commission associated with that sale.

2

Stoltz filed this Motion to Dismiss asserting that Plaintiff has failed to meet the pleading standard of fraud under Federal Rule of Civil Procedure 9(b) and failed to state a claim under Rule 12(b)(6) for tortious interference with business relations.

*Motion to Dismiss Standard*

Normally, the complaint must only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994). "In other words, a plaintiff must simply allege all of the elements of a right to recover against a defendant." Tuchman, 14 F.3d at 1067. However, if a claim of fraud is asserted, a higher standard of pleading must be met under Rule 9(b) of the Federal Rules of Civil Procedure, which states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Buford v. Howe, 10 F.3d 1184, 1189 (5th Cir. 1994); Shushany v. Allwaste, Inc., 992 F.2d 517, 521 (5th Cir. 1993).

The Fifth Circuit has never articulated the precise standards for particularity, determining that the requirements of Rule 9(b) necessarily differ with the facts of each case. Tuchman, 14 F.3d at 1067. However, "at a minimum, Rule 9(b) requires allegations of time, place, and contents of the false representations, as well as the identity of the person making the representation and what he obtained thereby." Id. at 1068; Buford, 10 F.3d at 1188; Shushany, 992 F.2d at 521. Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim. See Tuchman, 14 F.3d at 1067.

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Am. Waste & Pollution Control Co.

3

v. Browning-Ferris, Inc., 949 F. 2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Piotrowski v. City of Houston, 51 F. 3d 512, 514 (5th Cir. 1995) (quoting Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)).

*Discussion and Analysis*

The elements of fraud include: 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity or ignorance of its truth; 5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) his reliance on its truth; 8) his right to rely thereon; and 9) his consequent and proximate injury. Levens v. Campbell, 733 So. 2d 753, 761-62 (Miss. 1999) (citing Martin v. Winfield, 455 So. 2d 762, 764 (Miss. 1984)). In order to establish fraudulent misrepresentation, the elements of fraud must be proven. Spragins v. Sunburst Bank, 605 So. 2d 777, 780 (Miss. 1992).

Plaintiff alleges that Stoltz intentionally delayed purchasing the factory retail outlet stores until after the protection period established by CFS expired. Moreover, Prism asserts it was led to believe Stoltz was no longer interested in purchasing that property in October of 2006. Further, Prism argues, CFS and Stoltz engaged in fraud by concealing the ongoing negotiations between those two parties in order to deprive Prism of the promised commission or to ensure that the commission was paid to a third party.

The Court acknowledges the heightened pleading standard provided by Federal Rule 9(b). However, after reviewing the complaint and the requirements to prove fraud, the Court is satisfied that Plaintiff has met this heightened burden. Plaintiff has specifically averred that the fraudulent misrepresentations regarding the failed negotiations for purchase of the factory retail outlet stores

4

occurred on or after October 2006 until the consummation of the sale of the property in May of 2007 by Stoltz, a named party to this litigation. Under the authority cited above, Plaintiff has sufficiently pled the claim for fraud under Rule 9(b).

Under Mississippi law, a claim for tortious interference with business relations requires proof of the following four elements: (1) the acts were intentional and willful; (2) the acts were calculated to cause damage to the plaintiffs in their lawful business; (3) the acts were done with the unlawful purpose of causing damage and loss without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) actual loss and damage resulted. PDN, Inc. v. Loring, 843 So. 2d 685, 688 (Miss. 2003) (citing MBF Corp. v. Century Business Communications, Inc., 663 So. 2d 595, 598 (Miss. 1995)). In the complaint, Plaintiff alleges that Stoltz intentionally interfered with their business relationship with CFS in order to deprive Prism of a commission. Prism asserts that this interference caused them $300,000 worth of damage, the amount of commission Prism asserts CFS promised them.

Under the liberal pleading standards allowed by the Federal Rules of Civil Procedure, the Court is convinced that Plaintiff has surpassed the 12(b)(6) burden. Accordingly, Stoltz's Motion to Dismiss is denied.

SO ORDERED, this the 5th day of March, 2009.

                                                  /s/ Sharion Aycock  
                                                  **U.S. DISTRICT JUDGE**