**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**PRISM MARKETING COMPANY, INC.**                                         **PLAINTIFF**

**V.**                                                    **CAUSE NO.: 2:08CV163-SA-SAA**

**CASINO FACTORY SHOPPES, LLC, ET AL.**                                 **DEFENDANTS**

**ORDER ON RECONSIDERATION**

This Court entered an Order granting in part and denying in part Defendant, Casino Factory Shoppes' (CFS) Motion to Dismiss on September 29, 2009. Plaintiff has filed a Motion for Reconsideration [108] stating that the Court committed a clear error of law that works a manifest injustice against the Plaintiff in that Order.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration in those words. Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). However, the Fifth Circuit has held that such a motion may be entertained by a court and should be treated either as a motion to alter or amend pursuant to Rule 59(e), or a motion for relief from judgment pursuant to Rule 60(b). Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004). Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990).

Under Rule 59(e), there are three possible grounds for granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002). The motion to amend a judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered

evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003).

On September 29, 2009, this Court granted in part and denied in part Casino Factory Shoppes' Motion to Dismiss. Based on the undisputed evidence in the record, the Court found that in January of 2006, in Tunica, Mississippi, Prism attempted to negotiate the listing of the Casino Factory Shoppes in contravention of Mississippi Code Section 73-35-33. Plaintiff's actions were undertaken with the expectation of receiving a potential commission for the sale of such property. Thus, the Court found that Prism violated the Mississippi Real Estate Brokers License Law for attempting to negotiate the listing of the Factory Shoppes in Mississippi prior to being licensed in Mississippi. This violation prohibits Prism from recovering a commission based on actions taken as an unlicensed real estate broker within the state. Accordingly, the Court found that while Prism is unable to recover a commission for acts taken prior to attaining its Mississippi real estate brokerage license, Prism may be entitled to a commission for actions taken in furtherance of the real estate deal after receiving its Mississippi real estate brokerage license.

Plaintiff contends that the Court's ruling is too broad, and the Court erred in not recognizing Prism's potential right to a commission for activities conducted outside the State of Mississippi prior to receiving its Mississippi license. In particular, Plaintiff argues that the Court ignored the central holding of the Mississippi Supreme Court case Ladner v. Harsh, 120 So. 2d 562 (Miss. 1960).

Mississippi Code Section 73-35-3 provides:

> One (1) act in consideration of or with the expectation or intention of, or upon the promise of, receiving compensation, by fee, commission or otherwise, in the performance of any act or activity contained in subsection (1) of this section, shall constitute such person, partnership, association or corporation a real estate broker and make him, them or it subject to the provisions and requirements of this chapter.

2

The Mississippi Real Estate Brokers License Law prohibits recovery of a commission by persons performing real estate brokerage acts without a Mississippi real estate broker license. Thus, Prism committed the one act in Mississippi qualifying them as a real estate broker. Prism is therefore, subject to the Mississippi Real Estate Brokers License Law, which precludes recovery of a commission for brokerage activities and actions taken without a Mississippi license. To hold otherwise would subvert the very purpose of the Mississippi Real Estate Brokers License Law.

In the Order entered September 29, 2009, this Court extensively discussed <u>Ladner v. Harsh</u>. Plaintiff has failed to put forth any explanation as to why this Court's interpretation was clearly erroneous, other than saying the Court's ruling was too broad. Plaintiff had the opportunity to make these arguments prior to the judgment issued in this case. As motions for reconsideration "cannot be used to raise arguments which could, and should, have been made before the judgment issued," this Court will not grant Plaintiff's motion for reconsideration. <u>Rosenzweig</u>, 332 F.3d at 863

Accordingly, the Court will not reconsider its prior decision. Prism is precluded under the Mississippi Code and Mississippi Supreme Court precedent from recovering a commission for actions taken prior to receiving its Mississippi license because it performed real estate brokerage activities within the State of Mississippi prior to being licensed in this state.

Plaintiff's Motion for Reconsideration is DENIED.

SO ORDERED, this the __16th__ day of November, 2009.

                                                               __/s/ Sharion Aycock__
                                                               **U.S. DISTRICT JUDGE**