# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**PRISM MARKETING COMPANY, INC.**                                           **PLAINTIFF**

**V.**                                                       **CAUSE NO.: 2:08CV163-SA-SAA**

**CASINO FACTORY SHOPPES, LLC, ET AL.**                            **DEFENDANTS**

## ORDER ON MOTIONS IN LIMINE

Casino Factory Shoppes ("CFS") has filed two motions in limine in preparation for trial. First, CFS asks the Court to prohibit any reference to any contracts, offers or promises made by CFS to Prism prior to July 12, 2006, the date Prism obtained its Mississippi real estate license. Prism counters that offers and promises by CFS for commission prior to July 12, 2006, are evidence of Prism's course of dealing over the previous eight years with CFS.

On September 29, 2009, this Court ruled that Prism violated Mississippi Code Section 73-35-1 by committing an act of real estate brokerage activity within Mississippi prior to being licensed in this state. As a result, the Court held that Prism was unable to receive a commission for any acts performed prior to being licensed in Mississippi. In November, the Court, in ruling on motions for summary judgment, dismissed Plaintiff's real estate commission contractual claims holding that "any negotiations which took place prior to Prism acquiring a Mississippi real estate brokerage license is inadmissible." Thus, any evidence or argument of a contract, offer, negotiation, or promise regarding a real estate commission owed to Prism by CFS for the sale of Casino Factory Shoppes is prohibited. CFS's Motion in Limine [125] is GRANTED.

CFS next asks for the preclusion of evidence of settlement discussions or offers of compromise under Federal Rule of Civil Procedure 408. CFS attached two documents to its motion, a Settlement and Release document and an email chain which appears to be evidence of settlement

negotiations. Plaintiff contends they do not intend to introduce these documents for any improper purpose. Indeed, Prism asserts that the settlement documents prove that the amount of the leasing commissions owed is undisputed, and that the Defendant attempted to leverage the acknowledged debt to extract a settlement and release of other disputed commissions.

The Federal Rules provide:

Rule 408. Compromise and Offers to Compromise

(a) Prohibited uses. Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and

> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

(b) Permitted uses. This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408. The unsigned Settlement and Release acknowledges a verbal arrangement to pay leasing services in a certain amount. In consideration of their payment of the leasing commissions allegedly owed by CFS, Prism would have agreed to release all claims against CFS. The email chain evidences the negotiations behind the settlement document and details how the settlement figure was tabulated.

After reviewing the documents and the arguments by both parties, it is clear that these types

of documents and communications are intended to be excluded under the Federal Rules of Evidence. Prism argues that these documents are not intended to prove liability for the leasing commissions; however, their introduction would be improper under the Rules of Evidence.

Defendant further seeks to preclude Plaintiff from introducing at trial evidence of a bad faith or tortious breach of contract claim. The Defendant asserts that at the final pretrial conference, Plaintiff declared its' intention to seek damages for intentionally withholding leasing commissions as a tactic to negotiate a settlement on all Prism's claims against CFS. Defendant contends that this claim was not properly asserted in Plaintiff's pleadings, thus, it would amount to "trial by ambush" to allow evidence of that claim.

Although Prism did not expressly plead a tortious breach of contract claim against CFS, it did claim a breach of contract action against them and requested punitive damages against CFS for their "fraudulent conduct." Under the notice pleading standard outlined in the Federal Rules of Civil Procedure, Plaintiff has pled enough to put Defendant on notice of a potential bad faith breach of contract action. See Fed. R. Civ. P. 8(a) (requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief ").

Accordingly, Defendant's Second Motion in Limine [133] is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this the 15th day of December, 2009.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**