# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**PRISM MARKETING COMPANY, INC.**                                    **PLAINTIFF**

**V.**                                    **CAUSE NO.: 2:08CV163-SA-SAA**

**CASINO FACTORY SHOPPES, LLC, ET AL.**                    **DEFENDANTS**

## ORDER ON CLARIFICATION

This Court entered an Order [129] and Memorandum Opinion [130] regarding Defendants' numerous motions for summary judgment. The Defendants have requested that this Court clarify that Order with respect to two of the Plaintiff's claims: fraudulent misrepresentation against Casino Factory Shoppes, LLC ("CFS"), and fraudulent concealment against CFS and Stoltz Management ("Stoltz").

In the Complaint dated July 9, 2009, Plaintiff filed the following claims against Defendants: Breach of Contract against CFS; Reasonable Reliance on CFS's Statements to Prism's Detriment; Unjust Enrichment Against CFS; Quantum Meruit Against CFS; Misrepresentation, Fraudulent Concealment, and Conspiracy to Defraud Against CFS and Stoltz; and Tortious Interference with a Business Relationship Against Stoltz. The Court granted in part and denied in part Defendants' motions for summary judgment and dismissed Plaintiff's breach of contract action as to the real estate commission, and civil conspiracy claim against Stoltz and CFS. The Court held that Plaintiff presented genuine issues of material fact as to its claims for unjust enrichment, quantum meruit claims against CFS, and the misrepresentation and tortious interference with business relations as to Stoltz. Because the Court inadvertently failed to address Plaintiff's misrepresentation claim against CFS and fraudulent concealment claims against both Defendants in its Memorandum Opinion, the Motion for Clarification is GRANTED.

As noted in the Court's earlier Memorandum Opinion, to prove a fraudulent misrepresentation, plaintiff must prove, by clear and convincing evidence, the following elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. Holland v. Peoples Bank & Trust Co., 3 So. 3d 94, 100 (Miss. 2008) (citing Bank of Shaw v. Posey, 573 So. 2d 1355, 1362 (Miss. 1990)).

The specific allegations of the Complaint claim that CFS and Stoltz removed Prism from the chain of negotiations by leading Prism to believe Stoltz was no longer interested in pursuing purchase of the Casino Factory Shoppes. However, Prism did not allege any representation specific to CFS in the Complaint. A further review of Plaintiff's responses to the numerous motions does not reveal any specific representation allegedly made by or on behalf of CFS as to Stoltz's intent after October 2006. Accordingly, Plaintiff failed to prove by clear and convincing evidence any fraudulent misrepresentation made by CFS.

Defendants also request clarification as to Plaintiff's fraudulent concealment claim. Plaintiff asserts that CFS and Stoltz fraudulently concealed ongoing negotiations between October 2006 through May 2007. This Court held that Plaintiff failed to present evidence of any collusion or communication between these parties prior to May 2007. Thus, Plaintiff's claim of fraudulent concealment is dismissed.

Defendants' Motion for Clarification is well-taken and is GRANTED. The Court mistakenly omitted its analysis as to Plaintiff's fraudulent misrepresentation claim against CFS and fraudulent

concealment claims against CFS and Stoltz..  Neither of these claims are viable based on the evidence presented before the Court.  Accordingly, those claims are also dismissed.

The following claims remain viable in this cause of action:

- Breach of contract and tortious breach of contract as to leasing commissions against CFS

- Unjust enrichment and quantum meruit as to real estate commission against CFS.

- Misrepresentation and tortious interference with business relations against Stoltz

SO ORDERED, this the 15th   day of December, 2009.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**